IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TAMMY JO LONG, et al., )
)
    Plaintiffs, )
)
v. ) No. 11 C 703
)
ONE WEST BANK, FSB, et al., )
)
    Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants OneWest Bank, FSB, Mortgage Electronic Registration Systems, Inc. (MERS), and Deutsche Bank National Trust's (Deutsche)(collectively referred to as "Servicing Defendants") motion to dismiss and on Defendants Albertelli Law Firm, P.C. and John Lippincott's (collectively referred to as "Albertelli Defendants") motion to dismiss. For the reasons stated below, Servicing Defendants' motion to dismiss is denied in part as moot and granted in part and Albertelli Defendants' motion to dismiss is denied as moot.

## BACKGROUND

Plaintiff Tammy Jo Long (Long) allegedly entered into a residential mortgage

1

loan agreement in 2005 with Taylor, Bean, & Whitaker (TBW) relating to a loan (Loan) for property located in Savannah, Georgia (Property). The Loan allegedly included a promissory note in the amount of $999,900.00 (Note) and Long allegedly pledged the Property as security for the Loan in a security deed (Security Deed). Plaintiff Castle Home Builder's, Inc. allegedly has invested in improving the Property and has a claim against the Property. Plaintiffs acknowledge that they have not paid the amounts owed on the Loan. Plaintiffs claim that despite requests from them, Defendants have failed to identify the current lawful owner and holder of the Note and Security Deed. Plaintiffs contend that Long intends to pay the amounts owed in full, but has only failed to do so because of a lack of clarity as to the proper owner of the Note and Security Deed.

Deutsche allegedly represented that it is the owner of the Note in non-judicial foreclosure proceedings on the Property in Georgia. Plaintiffs contend that TBW declared bankruptcy and was incapable of transferring any interests in the Note to Deutsche. Plaintiffs also contend that Deutsche used a fabricated copy of the Note and a fabricated Assignment of Security Deed (Assignment of Deed) to support a foreclosure action on the Property. Plaintiffs also allege that the assignment violated the Pooling and Servicing Agreement (PSA), which is the trust agreement that allegedly governs the actions of Deutsche as trustee and all parties that participate in

the assignment of mortgage loans into the trust for which Deutsche is a trustee. Plaintiffs also contend that Defendants have engaged in unlawful collection activities and have submitted unsubstantiated negative information about Plaintiffs relating to the disputed debt.

Plaintiffs include in the amended complaint claims alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* (Count I), claims alleging unfair and deceptive acts and practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.* (Count II), claims alleging unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Fraud Act), 815 ILCS 505/1 *et seq.* (Count III), claims alleging false and misleading communications to credit reporting agencies in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (Count IV), and a wrongful foreclosure claim (Count V), and a quiet title claim (Count VI). The Servicing Defendants and Albertelli Defendants have filed motions to dismiss.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations

contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

**DISCUSSION**

I.  Voluntary Dismissal of Claims

On August 5, 2011, Plaintiffs filed a stipulation to voluntarily dismiss all claims brought against Albertelli Defendants. Therefore, the court dismisses all claims against Albertelli Defendants and the motion to dismiss is stricken as moot.

Plaintiffs also indicate in response to Servicing Defendants' motion to dismiss that they agree to dismiss certain claims. Plaintiffs, in responding to the summary of

4

the arguments presented by Servicing Defendants, seek the voluntary dismissal of claims in Counts II, IV, and VI without prejudice. (Ans. Dis. 8-9). Such claims are dismissed without prejudice. Thus, Servicing Defendants' motion to dismiss counts II, IV and VI are stricken as moot.

II. Remaining Claims

Servicing Defendants argue that Plaintiffs lack standing to pursue the remaining claims in this case. Servicing Defendants also argue that even if Plaintiffs have standing, Plaintiffs have failed to state a valid claim for relief.

A. Standing

Servicing Defendants argue that since both Plaintiffs have declared bankruptcy, they lack standing to pursue the claims in the instant action. Among the prudential limitations on standing "is the principle that the named plaintiff cannot sue in federal court to assert the rights of a third party." *RK Co. v. See*, 622 F.3d 846, 851 (7th Cir. 2010). Servicing Defendants argue that the real parties in interest in this case would be the debtors in possession or the Chapter 11 Trustee, who are representatives of Plaintiffs' bankruptcy estates. Plaintiffs contend that they are acting as debtors in possession in bringing the instant action and acting under their

authority under 11 U.S.C. § 1107. *See* 11 U.S.C. § 1104(a)(providing for appointment of a trustee to handle bankruptcy estate if there are special circumstances that warrant appointment); *In re Eurospark Industries, Inc.*, 424 B.R. 621, 627 (Bankr. E.D.N.Y. 2010)(stating that "[t]he Bankruptcy Code generally permits chapter 11 debtors to remain in control of their assets and business operations" but that "[a] debtor-in-possession owes fiduciary duties to the bankruptcy estate"). Servicing Defendants in their reply brief do not continue to contest Plaintiffs' standing in this action. Servicing Defendants have not shown that a trustee has been appointed in Plaintiffs' bankruptcy proceedings and Plaintiffs have shown that they have standing to bring the claims in the instant action as a debtor in possession.

B. Proper Exercise of Power of Sale

Servicing Defendants contend that Plaintiffs' claims are premised on the flawed contention that Deutsche failed to properly exercise the power of sale at the foreclosure sale on the Property. Servicing Defendants contend that MERS was the original grantee under the Security Deed and had the power to assign the power of sale to anyone. Servicing Defendants argue that MERS properly assigned the power of sale to Deutsche. Servicing Defendants argue that Deutsche then properly

executed its power of sale when foreclosing on the Property. The parties do not dispute that Georgia law applies to disputes arising out of the Security Deed and the instrument specifies that federal and state law of the location of the Property is applicable. (SD Ex. B 9). In accordance with Ga. Code 23-2-114 (Section 23-3-114), a grantee of a deed of trust, can assign the power to sell to another party and that assignee may exercise the power to sell. Plaintiffs contend that it was "legally impossible" for MERS to validly assign the power of sale to Deutsche. (Ans. Dis. 12).

### 1. Bankruptcy of TBW

Plaintiffs argue that MERS could not execute a valid assignment of the power of sale in the Security Deed to Deutsche because TBW, the lender, had declared bankruptcy prior to the attempted assignment. However, the plain language of the Security Deed shows that TBW was not the grantee on the Security Deed. The Security Deed specifically states the following: "MERS is the grantee under this Security Instrument." (SD Ex. B 1); *see also* Federal Rule of Civil Procedure 10(c)(stating that exhibits attached to pleadings are deemed to be part of the pleadings); *Duferco Steel Inc. v. M/V Kalisti*, 121 F.3d 321, 324 n.3 (7th Cir. 1997)(stating that "[d]ocuments referred to in, but not attached to, a plaintiff's

complaint that are central to its claim may be considered in ruling on a Rule 12(b)(6) motion if they are attached to the defendant's motion to dismiss").

The Security Deed provided that Long "understands and agrees that MERS holds only legal title to the interests granted by" Long, but that MERS has the right to exercise certain interests, such as "the right to foreclose and sell the Property. . . ." (SD Ex. B 3). The Security Deed also specifically anticipated a potential assignment of rights by MERS to another party. The Security Deed provided that Long agreed "TO HAVE AND TO HOLD" the Property "unto MERS (solely as nominee for Lender and Lender's successors and assigns) *and to the successors and assigns of MERS. . . .*" (SD B Ex. 3)(emphasis added). Thus, whether TBW was in bankruptcy prior to the assignment by MERS to Deutsche is irrelevant and does not show that the assignment was invalid.

### 2. Validity of Copy of Note

Plaintiffs also argue that MERS did not transfer the power of sale relating to the Note to Deutsche, contending that the copy of the Note relied upon by Deutsche was fabricated. Plaintiffs allege in the amended complaint that the purported copy of the Note was "obviously fabricated" because the endorsement on the purported copy of the Note was blank, the purported copy of the Note was undated, the purported

8

copy of the Note lacked a corporate seal and is executed by stamp, rather than by the signature of the endorser for TBW, and the purported copy of the Note lacked intervening endorsers. (A. Compl. Par. 35-36). Plaintiffs have failed to cite to any precedent that shows that such conditions are required in order to render the purported copy of the Note valid. In addition, regardless of the validity of the purported copy of the Note relied upon by Deutsche, MERS was not even required under Georgia law to produce the Note in order to execute a valid assignment. *See Watkins v. Beneficial, HSBC Mortg.*, 2010 WL 4318898, at *4 (N.D. Ga. 2010)(stating Georgia law did not require production of original note and that "other federal courts faced with allegations from plaintiffs challenging the validity of a party's ability to foreclose have also found that possession of the promissory note is not required to conduct a non-judicial foreclosure sale of a security deed"). There is no requirement in Section 23-3-114, that an original promissory note be produced in order to execute a valid assignment, and Plaintiffs have failed to point to any law providing such a requirement. Thus, based on the above, Plaintiffs have not alleged facts to plausibly suggest that the purported copy of the Note relied upon by Deutsche was fabricated or invalid or that, even if it were fabricated or invalid, that it would have impaired the ability of MERS to assign the power of sale to Deutsche.

### 3. Validity of Assignment of Deed

Plaintiffs also argue that the assignment of the power of sale from MERS to Deutsche was not valid because the Assignment of Deed was invalid. Plaintiffs argue that the Assignment of Deed was not valid because it did not comply with the PSA and because it was executed after the trust that Deutsche represents was closed. Initially, the court notes that, to the extent that Plaintiffs seek to base claims on violations of the PSA, Plaintiffs were not parties to the PSA and lack any standing to assert such claims. *See, e.g., Anderson v. Countrywide Home Loans*, 2011 WL 1627945, at *4 (D. Minn. 2011)(stating that the plaintiffs did "not have standing to challenge the validity of the assignment to the Trust because they [were] not parties to the PSA"). In addition, Plaintiffs have also not cited any precedent holding that an assignment is invalid simply because it conflicts with a PSA and it is irrelevant to the validity of the assignment whether or not it complied with the PSA.

Even if compliance with the PSA were considered, while the PSA provides that a transfer of a loan must have been performed before the trust closed, all that was required under the PSA was a physical delivery of the Note. (PSA Section 2.01(c)(I)). Plaintiffs have not alleged any facts that plausibly suggest that MERS failed to physically deliver the Note to Deutsche. Nor have Plaintiffs cited controlling precedent that holds that assignments from a trust are invalid if made

after the trust is closed. Thus, based on the above, although Plaintiffs allege in the amended complaint in a conclusory fashion that the assignment of the power of sale was invalid and based on a "fabricated" copy of the Note, Plaintiffs have not alleged facts to plausibly suggest that MERS failed to properly assign the power of sale to Deutsche.

      C. Wrongful Foreclosure Claim (Count V)

Servicing Defendants argue that Plaintiffs have failed to state a valid wrongful foreclosure claim. Plaintiffs acknowledge in their amended complaint that Long has defaulted on the Loan. Also, although Plaintiff claim that Long desires to pay in full the amounts owed and has been unable to do so because of confusion as to the true owner of the Note, Plaintiffs have failed to plausibility suggest that there was anything other than a valid assignment of the power of sale from MERS to Deutsche. Plaintiffs have not alleged any facts that would plausibility suggest that Defendants engaged in a wrongful foreclosure action or that Plaintiffs were damaged by any unlawful conduct by Defendants relating to the foreclosure. Therefore, Servicing Defendants' motion to dismiss the wrongful foreclosure claims (Count V) is granted.

D. FDCPA Claims (Count I)

Defendants argue that Plaintiffs have failed to state a valid FDCPA claim. The FDCPA offers protections relating to consumer debt, and to qualify as such debt, a court should consider whether "the money [is] owed 'primarily for personal, family, or household purposes . . . .'" *Walton v. Hyatt & Rosenbaum, P.A.*, 2009 WL 3004539, at *2 (S.D. Ind. 2009)(quoting in part *Berman v. GC Services Ltd. Partnership*, 146 F.3d 482, 484 (7th Cir. 1998)); *see also Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000)(explaining that the FDCPA "regulates the debt collection tactics employed against *personal* borrowers on the theory that they are likely to be unsophisticated about debt collection and thus prey to unscrupulous collection methods" and that "[b]usinessmen don't need the warnings")(emphasis in original).

Defendants contend that Long operates a luxury commercial hotel on the Property. Plaintiffs allege that the Property is located in Georgia, that Long lives in Illinois, and that Castle has "invested approximately $175,000.00 in the renovation and maintenance of the" Property. (A. Compl. Par. 6-7, 16, 19). Plaintiffs do not plausibly suggest that the debt at issue was personal debt. The court also notes that Plaintiffs have not contested the assertion by Servicing Defendants that the debt that is the subject of the Loan is commercial debt rather than consumer debt. Thus, the

12

FDCPA is not applicable in this case. In addition, although Plaintiffs make conclusory references to communications from Servicing Defendants that allegedly violated the FDCPA, Plaintiffs fail to provide any facts concerning such communications to plausibly suggest a violation of the FDCPA. Although Plaintiffs argue in response to the motion that they have provided specific facts concerning communications, the communications pointed to are communications made by Plaintiffs to Servicing Defendants, which are not a valid basis for a FDCPA claim. (Ans. Dis. 23). Finally, Plaintiffs have failed to point to precedent indicating that a non-judicial foreclosure is considered debt collection activity protected by the FDCPA. *See, e.g., Trent v. Mortgage Electronic Registration Systems, Inc.*, 618 F.Supp.2d 1356, 1360 (M.D. Fla. 2007)(stating that "[t]he FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor" and "that foreclosing . . . is an entirely different path" because "[p]ayment of funds is not the object of the foreclosure action," and that "the lender is foreclosing its interest in the property"). Therefore, Servicing Defendants' motion to dismiss the FDCPA claims (Count I) is granted.

E.  Fraud Act Claims (Count III)

Servicing Defendants contend that Plaintiffs have failed to plead sufficient facts to support a Fraud Act claim.  Plaintiffs allege that Defendants engaged in deception in the conduct of trade or commerce.  (A. Compl. Par. 88-92).  Pursuant to Federal Rule of Civil Procedure 9(b), a party must plead allegations of fraud with particularity.  Fed. R. Civ. P. 9(b).  Any claim that "'sounds in fraud'-in other words, one that is premised upon a course of fraudulent conduct-can implicate Rule 9(b)'s heightened pleading requirements." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007)(quoting in part *Rombach v. Chang*, 355 F.3d 164, 170-71 (2d Cir. 2004)).  To plead fraud with particularity, a plaintiff must allege "the who, what, when, where, and how" relating to the fraud.  *Id.* (internal quotations omitted)(quoting *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990)).

In the instant action, Plaintiffs contend that Defendants somehow committed fraud by proceeding to the foreclosure sale.  However, as explained above, the record indicates that Deutsche was assigned the power of sale and there are no allegations that plausibly suggest that the foreclosure sale was unlawful.  Plaintiffs fail to provide specific facts concerning any other alleged communications or other misconduct by Defendants that would satisfy the Rule 9(b) requirements.  Therefore, Servicing Defendants' motion to dismiss the Fraud Act claims (Count III) is granted.

## CONCLUSION

Based on the foregoing Albertelli Defendants' motion to dismiss is stricken as moot and Servicing Defendants' motion to dismiss the claims brought against Servicing Defendants in Counts II, IV, and VI is stricken as moot. Servicing Defendants' motion to dismiss the remaining claims in this action in Counts I, III, and V is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 24, 2011